The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner, with some modification but modifies the conclusions and holding of the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. The date of plaintiff's injury was April 18, 1996.
3. On April 18, 1996, plaintiff was employed by defendant-employer.
4. The Goff Group was the carrier on the risk on April 18, 1996.
5. Plaintiff's average weekly wage can be determined by a Form 22 Wage Chart, Stipulated Exhibit 1.
6. The parties agreed that, without further verification or authentication, the medical records of plaintiff might be received into evidence:
— Stipulated Exhibit 2 — Wilson Immediate Care;
— Stipulated Exhibit 3 — Dr. Tom Rand; and
 — Stipulated Exhibit 4 — physical therapy records.
7. The issues before the Full Commission are whether or not plaintiff is entitled to change his physician from Dr. Rand to Dr. Tomaszek and whether or not plaintiff is entitled to further medical treatment when he refuses to return to his treating physician.
 *********** RULINGS ON EVIDENTIARY MATTERS
The objection raised by defense counsel at the deposition of Dr. Rand is ruled upon in accordance with the law and the Opinion and Award in this matter.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the hearing in this matter before the Deputy Commissioner, plaintiff was a 30 year old male. Plaintiff did not complete the twelfth grade but obtained a GED. Prior to becoming employed with defendant-employer, plaintiff worked at Burton College for four years as a groundskeeper. Plaintiff began employment with defendant-employer on May 30, 1995 stacking tires and driving a forklift.
2. On April 18, 1996, plaintiff suffered a compensable injury by accident to his lower back as he was lifting a door at work. While the lifting the door, it jerked back down on the plaintiff. As a result, the plaintiff felt a stab of pain in his lower back. Plaintiff's condition worsened that evening, and he called and reported the incident and the injury to his employer. Defendant-employer indicated to plaintiff that he should go to Wilson Immediate Care for medical treatment.
3. Plaintiff sought treatment for his back beginning on April 20, 1996 from Dr. Lawrence Krabill at Wilson Immediate Care. Plaintiff complained of pain in the right subscapular area extending down to the lower lumbar paraspinal muscles without any radicular symptoms. Plaintiff was diagnosed with a right lumbar paraspinal muscle strain. Plaintiff was released to return to light duty work with no lifting over twenty-five pounds, given ibuprofen and told to return in five days for a check-up. Plaintiff was also given a muscle relaxer.
4. Plaintiff returned to Dr. Krabill on April 22, April 27, May 1, May 6, and May 9, 1996. Throughout those visits plaintiff continued to complain of low back pain but not of radicular pain. Plaintiff continued on a twenty-five pound lifting restriction. On May 9, 1996, Dr. Krabill reduced plaintiff's lifting restrictions to fifteen pounds and referred him to a Wilson orthopedic surgeon, Dr. Tom Rand.
5. Plaintiff was seen by Dr. Tom Rand on May 13, 1996 and complained of low back pain without neurologic symptoms or any radicular problems. Dr. Rand diagnosed plaintiff with a low back strain-sprain and placed him on light duty with no lifting over twenty-five pounds. Plaintiff was again seen by Dr. Rand on May 20, 1996 and was given a trigger point injection. At that time, plaintiff was returned to his regular work duties. On May 22, 1996 plaintiff returned to Dr. Rand experiencing increased lower back pain at which time Dr. Rand prescribed physical therapy and light duty with no lifting over twenty-five pounds. Dr. Rand saw plaintiff again on June 6 and June 27, 1996. On June 14, 1996 plaintiff underwent a MRI which showed desiccation and small central herniations at L4-5 and L5-S1. The MRI did not indicate any nerve impingement or radicular problems.
6. Plaintiff was last seen by Dr. Rand on August 8, 1996 at which time plaintiff was still not experiencing any radicular problems, but still had improving back pain. Plaintiff was continued on twenty-five pound lifting restrictions and was referred by Dr. Rand to Dr. Tomaszek at plaintiff's request. Dr. Rand has not seen plaintiff since that time.
7. There is no indication that plaintiff's central herniated discs are impinging on his nerves. Furthermore, surgery for lumbar disc is usually indicated by severe leg pain. Back pain is not an indication for disc surgery and is often a contraindication for disc surgery as the other results from the surgery might be problematic. Lumbar disc surgery generally relieves leg, not back pain.
8. Plaintiff continues to work for defendant-employer under the twenty-five pound lifting restriction. Defendant-employer does not require plaintiff to lift amounts in excess of this restriction. Furthermore, plaintiff now earns a greater wage than that which he was earning at the time of his compensable injury by accident.
9. Plaintiff has not received any medical treatment since August 8, 1996. Defendant-employer has paid for all medical treatment received by plaintiff due to his compensable injury by accident up to and including August 8, 1996. Plaintiff has not missed any time from work.
10. Plaintiff has made certain allegations regarding statements by Dr. Rand. The Deputy Commissioner found the allegations made by the plaintiff not to be credible. The Full Commission finds that whether the statements are credible or not, there has been a deterioration of the doctor-patient relationship between Dr. Rand and the plaintiff. Furthermore, Dr. Rand has stated that he did not think that there was any more that he can do for the plaintiff; therefore, plaintiff has shown that there is a need to have his treatment transferred to a physician other than Dr. Rand.
11. Plaintiff is entitled to a second opinion regarding his condition and the need for future medical treatment. The second opinion shall be rendered by Dr. Ira Hardy.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On April 18, 1996, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has show adequate grounds for a change of treating physician from Dr. Rand. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to a second opinion to be obtained at the expense of defendant, from Dr. Ira Hardy, as agreed upon by the parties during oral argument before the Full Commission.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's Motion for a change of treating physician from Dr. Rand is hereby ALLOWED.
2. Defendant shall pay for plaintiff to have a second opinion on his physical condition related to his April 18, 1996 compensable injury by accident and the need for treatment thereof. This second opinion examination shall be performed by Dr. Ira Hardy.
3. Plaintiff's Motion for attorney's fees in this matter is DENIED as defendant's litigation of this matter was not the result of unfounded or stubborn litigiousness.
4. Defendant shall bear the costs.
 ORDER
IT IS HEREBY ORDERED that the plaintiff shall present to Dr. Ira Hardy for a second opinion and the defendant shall pay for the expenses related to said second opinion.
IT IS FURTHER ORDERED that the plaintiff may choose Dr. Ira Hardy as his treating physician to replace Dr. Rand without further approval from the Industrial Commission. If Dr. Hardy is not acceptable to the plaintiff, plaintiff may select another treating physician. If defendant does not approve of plaintiff's choice, plaintiff may submit a motion before the Industrial Commission requesting a change of physician and transfer of his medical treatment.
This the ___ day of July 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER